TUCKER ELLIS & WEST LLP
CURTISS L. ISLER (SBN 146903)
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409
Email: curt.isler@tuckerellis.com

TUCKER ELLIS & WEST LLP
LANCE D. WILSON – STATE BAR NO. 172957
TIMOTHY C. CONNOR - STATE BAR NO. 236529
135 Main Street, Suite 700
San Francisco, California 94105
Telephone: (415) 617-2400
Facsimile: (415) 617-2409
Email: lance.wilson@tuckerellis.com
Email: timothy.connor@tuckerellis.com

Attorneys for Defendant
UNITED TECHNOLOGIES CORPORATION

ORIGINAL FILED
JUL - 9 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN CARVETH,<br><br>Plaintiff,<br><br>v.<br><br>ALLIS-CHAMLERS CORPORATION PRODUCT LIABILITY TRUST, et al<br><br>Defendants. | Case No. CV 08 3314 JL<br><br>**DEFENDANT UNITED TECHNOLOGIES CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) (GOVERNMENT CONTRACTOR IMMUNITY-ACTING UNDER DIRECTION OF FEDERAL OFFICERS)** |

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Defendant UNITED TECHNOLOGIES CORPORATION (hereinafter referred to as "UTC") hereby gives notice of the removal of the above-entitled action from the Superior Court of the State of California in and for the County of San Francisco, to the United States District

1
UNITED TECHNOLOGIES CORPORATION'S
NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1442(A)(1)

SFOiManage/74908/00540/158944/1

Court for the Northern District of California pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. In support of its removal, UTC respectfully offers the following:

### **Preliminary Matters**

1. On or about May 29, 2008, Plaintiff filed a Complaint in this action, bearing Case No. CGC-08-274677, against UTC and numerous other defendants in the Superior Court of the State of California for the County of San Francisco. A true and correct copy of the Complaint and all state court pleadings served on UTC are attached hereto as Exhibit A.

2. The Complaint alleges that Plaintiff Norman Carveth's disease was caused by his exposure to asbestos-containing products while working at several locations, including work performed as a Fueler and Aircraft Mechanic while in the United States Navy from 1943 to 1947.

3. The engines that Pratt & Whitney manufactured for the United States Navy were specifically designed and manufactured in accordance with specifications provided by the United States Navy and were designed and built under the direction and control of the United States Government and its officers. Accordingly, this case is removable on the ground of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

4. The 30-day removal period prescribed by 28 U.S.C. § 1446(b) begins to run when defendant receives a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b). UTC's agent for service of process was served with the Summons and Complaint on June 10, 2008. The receipt of the Complaint put UTC on notice for the first time that the claims that are the basis of this matter as to UTC involve plaintiff Norman Carveth's alleged exposure to asbestos through his interactions with aircraft engines built by Pratt & Whitney for the United States Government pursuant to specifications provided by the United States Navy and under the direction and control of the United States Government and its officers. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of receipt by UTC of the first paper from which UTC ascertained that this case is removable. Thus, this Notice of Removal has been timely filed.

### Nature of the Case

5. The case is based on allegations that plaintiff Norman Carveth suffers from an asbestos-related injury caused by his exposure to asbestos-containing products.

6. Plaintiff Norman Carveth asserts claims against UTC for Negligence, Strict Liability, and False Representation.

### Jurisdiction, Venue and Intradistrict Assignment

7. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below under Grounds for Removal.

8. Venue is proper in the San Francisco Branch of the Northern District of California as the state court action, which is subject to this removal petition, was filed in the Superior Court of California for the County of San Francisco where it was alleged a substantial part of the events giving rise to plaintiff's claims herein occurred, and all parties are subject to personal jurisdiction in this District.

9. Furthermore, §1442(a) authorizes such a removal without the consent of any other defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-1315 (9th Cir. 1981) ("federal officer…can remove without other defendants joining the petition, and the entire case is removed to the federal court.").

### Grounds for Removal

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is removable to this Court by UTC pursuant to the provisions of 28 U.S.C. § 1442(a)(1) in that it is a civil action in which plaintiff's alleged right to relief necessarily depends on the resolution of a substantial question of federal law.

11. At all relevant times, UTC is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992) (finding that a corporate defendant was a "person").

12. UTC was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1) in designing, manufacturing and supplying aircraft engines to

the United States Navy. Pratt & Whitney engines were designed and manufactured pursuant to precise specifications provided by the United States Navy and UTC has a colorable federal defense to plaintiff's state tort claims. See *Declaration of Alan J. Shiffler* ¶ 9 attached hereto as Exhibit B.

13. Should plaintiff file a motion to remand this case, UTC respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

14. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (a) demonstrate that it acted under the direction of a federal officer, (b) raise a colorable federal defense to plaintiff's claims, and (c) demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office. *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D.Cal. 1992); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99, 102 (D.Conn. 2007). Here, UTC has satisfied all three requirements and is entitled to the federal officer removal provision.

  a) UTC was acting under the direction of agents and officers of the United States Government within the meaning of 28 U.S.C. § 1442(a)(1) in designing, manufacturing and supplying engines for use by the U.S. Navy. These engines were designed and manufactured pursuant to precise specifications prepared, drafted and issued exclusively by the United States Government. See *Declaration of Alan J. Shiffler* Exhibit B, ¶¶ 7-10. All materials and parts contained in Pratt & Whitney J57 engines were specifically reviewed and approved by the U.S. Navy. *Id.* at ¶ 9. Moreover, United States Military Inspectors were stationed on-site at Pratt & Whitney manufacturing facilities to personally oversee each phase of the manufacturing process of the J57 and to enforce compliance with the U.S. Navy design specifications. *Id.* at ¶ 8-9. The U.S. Navy had direct and detailed control over every aspect of the design and manufacture of the J57 engine. In fact, if any material, feature or component of a J57 engine failed to comply with the applicable military specifications, then that engine would have been rejected by the Navy. *Id.* at ¶ 10.

4
UNITED TECHNOLOGIES CORPORATION'S
NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1442(A)(1)
SFOiManage/74908/00540/158944/1

b) UTC raises a colorable federal defense to this action under military contractor immunity in that The United States Military, including Military specialists, controlled the design and manufacture of any aircraft engine produced for the United States Military. *Id.* at, ¶ 9. The designs and specifications for all Pratt & Whitney engines intended for use by the United States Military were approved by the appropriate Military personnel. Id. at ¶¶ 7-10. Pratt & Whitney had no knowledge that handling any parts or components in its aircraft engines could cause an asbestos-related illness. Id. at ¶ 11. Based on a scientific analysis of available literature, there is no reason to suspect that a manufacturer or designer of aircraft engines would have considered that asbestos-containing materials presented any health hazard to employees working on aircraft engines. *Declaration of William P. Ringo*, Ph.D., CIH, CSP Exhibit C, ¶ 10.

c) A causal nexus exists between plaintiff's claims in this action and the acts taken by UTC under the direction of federal officers. Plaintiff's claims against UTC arise from plaintiff Norman Carveth's work as a aircraft mechanic while in the U.S. Navy from 1943-1947. This engine was designed and manufactured pursuant to precise military specifications provided by the U.S. Navy and the equipment was built under the detailed and direct control of federal officers. UTC's actions, then, are inseparable from the government specifications, regulations, and oversight, and a clear causal nexus exists between plaintiff's claims and UTC's acts performed under color of federal office. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988); *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

15. Plaintiff's claims against UTC are affirmatively barred by government contractor immunity as set forth by the U.S. Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988), and by the Ninth Circuit Court of Appeals in *McKay v.*

*Rockwell International Corp.*, 704 F.2d 444 (9th Cir. 1983). Pursuant to this federal defense, military equipment manufacturers, such as UTC, cannot be held liable under state law for any injuries caused by the equipment it built for the U.S. Navy when: (a) the United States approved reasonably precise specifications; (b) the equipment conformed to these specifications; and (c) the equipment supplier warns the military about any hazards involved in the use of the equipment that are known to the equipment supplier but not known to the military. See *Boyle*, 487 U.S. 500 at 512; *McKay*, 704 F.2d. 444 at 451.

16. Analyzing the *Boyle/McKay* factors with the facts above shows (a) that UTC designed and manufactured equipment pursuant to precise specifications provided and approved by the U.S. Navy, (b) the equipment conformed to those specifications, and (c) the United States Military was aware of potential health hazards of working with or around asbestos-containing materials dating back to the 1930s. *Declaration of William P. Ringo*, Ph.D., CIH, CSP Exhibit C, ¶ 9. UTC has more than a colorable federal defense to this state action under government contractor immunity. See *Boyle*, 487 U.S. at 512. See also *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

17. The existence of a single removable claim allows removal of the entire action. 28 U.S.C. § 1441(c). *National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal. 1980).

18. Notice of this removal has been filed with the state court and provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

19. This removal is based on this Notice of Removal to the United States District Court, the Certificate of Service of Notice to Adverse Party of Removal, the Notice to Adverse Party of Removal filed in the state court action, the Tag-Along Pleading filed herewith, the complete file in the state court case, and any other matters which the court deems applicable.

1  WHEREFORE, defendant UTC prays that this action be removed from the Superior
2  Court of the State of California in and for the County of San Francisco to the United States
3  District Court for the Northern District of California, and transferred to the United States District
4  Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings
5  pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order").

7  DATED: July 9, 2008                                TUCKER ELLIS & WEST LLP

                                                     By: _____
                                                     Lance D. Wilson
                                                     Timothy C. Connor
                                                     Attorneys for Defendant
                                                     UNITED TECHNOLOGIES
                                                     CORPORATION